# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| IOWA STATE UNIVERSITY RESEARCH FOUNDATION, INC., <br>                       Plaintiff, <br> v. <br> SENJU METAL INDUSTRY CO., LTD., <br>                       Defendant. | Civil Action No. 4:08-cv-119 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Iowa State University Research Foundation, Inc. for its Complaint against Defendant Senju Metal Industry Co. Ltd. ("Senju"), alleges:

## THE PARTIES

1. Plaintiff Iowa State University Research Foundation, Inc. ("ISURF") is a non-profit Iowa corporation which manages intellectual property that arises from research conducted at Iowa State University.

2. Defendant Senju is a Japanese business entity, having its principal place of business at Sunju Hashido-Cho 23, Adach-Ku Tokyo, Japan 1208555.

3. Defendant Senju by itself and through business relationships with others, including Plaintiff ISURF, does business in the U.S.A. and in this district.

4. The acts of which Plaintiff complains occurred at least in part in this district as Senju is a sublicensee of Plaintiff's patent licensee Nihon Superior Co., Ltd.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over ISURF's claims under 38 U.S.C. §§ 1331 and 1338(a) because they are between citizens of different states and citizens or subjects of a foreign state, involve more than $75,000 in controversy, and because they also arise under the patent statutes of the United States, 35 U.S.C. §§ 271-287.

6. Venue is proper under 28 U.S. C. § 1391 and 28 U.S.C. § 1400(b) by virtue of Senju doing business in this district and since acts of which ISURF complains occur at least in part in this district as well as elsewhere in the United States.

## FACTS COMMON TO ALL COUNTS

7. ISURF has been assigned the patents, including the right to sue, emanating from the research of Iver E. Anderson, Frederick G. Yost, John F. Smith, Chad M. Miller and Robert L. Terpstra relating to lead-free solder. These patent rights on lead-free solder have been highly successful, have fulfilled a long-felt need and do generate substantial royalties for ISURF.

8. At least as early as May 19, 1998, Nihon Superior Co., Ltd. became a licensee of ISURF's U.S. Patent No. 5,527,628, issued June 18, 1996, relating generally to lead-free solder.

9. The May 19, 1998 license was a co-exclusive license in the field of electronic and industrial solder applications. Nihon, pursuant to the agreement, has the right to sublicense in the field of use.

10. On or about February 14, 2001, Senju became a sublicensee of Nihon with obligations to pay royalties directly to ISURF, who is a third party beneficiary of this agreement.

## COUNT I
### (PATENT INFRINGEMENT - U.S. PATENT 5,527,628)

11. United States Letters Patent 5,527,628 was duly and legally issued to Iver Anderson, Frederick G. Yost, John F. Smith, Chad M. Miller and Robert L. Terpstra on June 18, 1996.

12. ISURF is an assignee of all right, title and interest in United States Patent 5,527,628 and has the right to sue under United States Letters Patent 5,527,628.

13. Senju is infringing certain claims of United States Patent 5,527,628 and has induced others to infringe this patent by making, selling, distributing, importing and/or using within this judicial district and elsewhere throughout the United States product that infringes ISURF's patent which has not been accounted for or paid for under Senju's sublicense.

14. On information and belief, Senju will continue to infringe unless enjoined by this Court from each of its infringing acts.

15. Senju has actual notice of United States Letters Patent 5,527,628, and in particular that said patent was duly and legally issued and Senju is aware or should have been aware of the fact that manufacture, use, and offer for sale of certain electronics and components that contain lead-free solder infringed U.S. Patent 5,527,628.  ISURF has its licensees properly patent mark within the meaning of 35 U.S.C. § 287 to provide constructive notice.

16. Senju's acts of infringement are in willful and wanton disregard of ISURF's patent rights accorded by U.S. Patent 5,527,628, and this case is exceptional within the meaning of 35 U.S.C. § 285, entitling ISURF to treble damages and attorney's fees.

## COUNT II
## (BREACH OF CONTRACT)

17. ISURF incorporates by reference the allegations contained in the preceding paragraphs 1-16.

18. Senju's refusal to pay for all lead-free solder made, sold, used or exported into the U.S.A., constitutes a breach of Senju's sublicense of February 14, 2001.

19. On or about December 20, 2007, Senju was noticed with a formal letter of default.

20. Senju's Japanese counsel responded on January 18, 2008 denying it was in default and denying it had infringed U.S. Patent 5,527,628.

21. ISURF has been damaged by Senju's breach, in that royalties properly due and payable to ISURF by Senju have not been paid.

22. On information and belief, Senju will continue to improperly account for lead-free solder product causing damage to ISURF.

## COUNT III
## (DECLARATORY JUDGMENT)

23. ISURF incorporates by reference the allegations contained in the preceding paragraphs 1-22.

24. Jurisdiction and venue are proper under 28 U.S.C. § 2201, 28 U.S.C. § 1331 and 28 U.S.C. §1391, as a justiciable controversy exists between ISURF, and Senju over scope of ISURF's patent rights.

25. When formally confronted with ISURF's patent rights, Senju asserted that because certain claims of the ISURF Patent use the transition phrase, "consistently essentially of" Senju's addition of from about 0.01 to 0.1 weight percent of phosphorous (P), avoids the claims of ISURF's patent rights.

4

26.     ISURF disagrees with Senju's assertion and states affirmatively that such a small addition as 0.01 to 0.1 weight percent of phosphorous (P) does not materially affect the basic and novel properties of the lead-free solder invention of ISURF's Patent 5,527,628 and therefore still does come within the scope of U.S. Patent 5,527,628.

27.     ISURF therefore has a case or controversy with Senju within the meaning of the Declaratory Judgment Act over whether or not certain Senju products fall within the scope of U.S. Patent 5,527,628 and ISURF seeks a declaration that they do.

WHEREFORE, ISURF prays for the following as to the patent infringement count. (Count I):

1.     An injunction against Senju's continued infringement of United States Letters Patent 5,527,628;

2.     An award of damages for patent infringement and a trebling of damages due to the knowing willful and wanton nature of Senju's conduct;

3.     An award to Plaintiff of attorneys' fees and costs in this action under any and all applicable statutes;

4.     An award of prejudgment interest from the date of first patent infringement to entry of judgment;

5.     Such other and further relief as the Court deems equitable under the circumstances including, where appropriate, punitive damages for Defendant's conduct.

As to Counts II and III:

6.     A finding that Senju has breached its sublicense and an award of all damages the law allows as a direct and proximate result of Senju's breach.  (Count II).

7.     Entry of judgment declaring that Senju's product with minute amounts of added phosphorous (P) falls within the scope of ISURF's and Sandia's U.S. Patent 5,527,628.  (Count III).

8.     Any such further relief, legal or equitable that the Court deems necessary to provide full and fair relief to ISURF.  (All counts).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable by jury in this case as a matter of right.

Respectfully submitted,

\_\_\_/s/Edmund J. Sease_____
Edmund J. Sease
Jeffrey D. Harty
Janet E. Phipps Burkhead
MCKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA  50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  harty@ipmvs.com
Email:  janet.phippsburkhead@ipmvs.com
Email:  mvslit@ipmvs.com

ATTORNEY FOR PLAINTIFFS,
IOWA STATE UNIVERSITY RESEARCH
FOUNDATION, INC AND SANDIA
CORPORATION.